[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence February 25, 1994 Date of Application March 7, 1994 Date Application Filed March 10, 1994 Date of Decision June 28, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New London. Docket No. CR93-55811 and CR93-57097; CT Page 7921
Michael R. Hasse, Esq., Special Public Defender
Michael Regan, Esq., Assistant State's Attorney
BY THE DIVISION
In each of the above cases the petitioner entered pleas of guilty to sexual assault in the 2nd degree in violation of C.G.S. Sec. 53a-71(a) which carries a minimum sentence of no less than 9 months and no more than ten years. He received a sentence of 10 years, execution suspended after 8 years on each file to run concurrently with one another and probation for 5 years.
The record reveals that the petitioner had sexual intercourse with his 9 and 10 year-old daughters on various occasions. In the first file, the petitioner's 9 year-old daughter reported the incidents to a social worker who notified Norwich police. It was the victim in the second case who revealed she had seen her father "humping" her older sister. Her 7 year-old brother had also observed the petitioner's actions. Later investigation showed the 10 year-old suffered from Gardnerella, a common cause of vaginal infection in older women, but abnormal in prepubescent girls. It was during counseling for the other children that the 9 year-old related she had been victimized by the petitioner as well.
The petitioner's record consists of misdemeanor violations with his most recent conviction being for violation of probation in 1990 when his probation was terminated. His public defender points out that the pleas were entered pursuant to the Alford doctrine and that the petitioner desires to better himself so as to be able to provide for his family. He hopes that if his sentence is reduced he will be able to pull the family together again. Finally, the public defender states that the pleas were entered belatedly, indicating that the petitioner had received a better offer earlier but had rejected it in favor of a trial, but later changed his mind again and entered the guilty pleas. CT Page 7922
The state argues that the petitioner had turned down a sentence to be suspended after four years, and that, in addition, he has shown no remorse. We are urged to affirm the sentence as it is not disproportionate to the crimes committed.
It is the division's function to evaluate the sentence in light of the offenses for which he was convicted or to which he plead guilty, his prior criminal record and the principles enumerated in P.B. Sec. 942. We must determine if the sentence was reasonable under all the circumstances and not disproportionate or excessive when viewed with similar cases throughout the state. We cannot be swayed by what a particular petitioner could have received as a result of earlier plea negotiations. Irrespective of why the earlier offer was made or rejected, we examine the sentence as meted out using the yardstick previously stated.
In this case, we conclude that the sentencing judge properly considered all the relevant factors in sentencing the petitioner. Clearly, the petitioner committed an egregious violation of the trust children have in their parents and the resultant damage is deep and unspeakably painful for the victims; and although he expressed remorse in his remarks to the division and at sentencing, his actions were those of an offender who repeatedly took advantage of his own vulnerable children.
Sentence affirmed.
Stanley, J.
Norko, J.
Miano, J.
Stanley, J., Norko, J., and Miano, J. participated in this decision.